# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FREDRICK GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:23-CV-1509-SRW |
| | ) |
| APPLE STORE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Fredrick Graham's application to proceed in the district court without prepaying fees or costs. (ECF No. 7). Having reviewed the motion and the financial information submitted in support, the Court will grant the application and charge plaintiff a $1.00 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.[1]

## Background

Plaintiff filed this action on November 27, 2023. (ECF No. 1). Plaintiff did not, however, pay the filing fee or file an application to proceed without prepaying fees or costs. (ECF No. 1). As a result, on December 1, 2023, the Court ordered plaintiff to submit an application or pay the filing fee in full within thirty (30) days. (ECF No. 3). The Court explained that if plaintiff elected to submit an application, he must file a certified copy of his prisoner account statement to support the application. *Id.* The Court also ordered plaintiff to file an amended complaint. *Id.* Plaintiff has

---

[1] Under the Prison Litigation Reform Act, prisoners are responsible for their filing fees the moment they bring a civil action or file an appeal. *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (citation omitted). Thus, plaintiff must pay the filing fee despite the dismissal of his complaint. *Id.*

since filed an amended complaint and two applications to proceed without prepaying fees or costs. (ECF Nos. 5-7).

**Initial Partial Filing Fee**

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id.*

Plaintiff did not submit an inmate account statement as required by 28 U.S.C. §1915(a)(2). Even so, the Court will impose an initial partial filing fee of $1.00.[2] *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff

---

[2] Plaintiff states in his second application that he has been incarcerated for only four months and therefore cannot provide an account statement for the six-month period immediately preceding the complaint. (ECF No. 7).

is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific

3

task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Amended Complaint

Plaintiff brings this suit under 42 U.S.C. § 1983 against (1) the Apple Store, (2) Lens Crafters, (3) ITT Technical Institute, (4) Carla Hayden (Librarian of Congress), and Ralph Morris (attorney). (ECF No. 6). Plaintiff purports to sue all defendants in their official and individual capacities. *Id.*

Plaintiff states that the Apple Store in the St. Louis Galleria mall "did not prevent the cyberbullying and cyberattacks requested during full purchase of [an iPhone] . . . and failed to criminally charge a [sic] official on July 12, 2023 after the Company Phone was stolen[.]" *Id.* He alleges that the Lens Crafters store in the same mall "failed to Protect [his life] when he purchased his second pair of Ray Ban Glasses . . . by refusing to document the Fourth Amend. Complaint of a Black pair of 'Aviator' Ray Ban Glasses that he stated were broken[.]" *Id.* Plaintiff asserts that ITT Technical Institute violated his rights under the Fourth and Eighth Amendments by "not allowing (sight) of Plaintiff Mr. Graham's 'Hand's Free (Virtual Reality)' and Hologram(s) he has invented[.]" *Id.* According to plaintiff, Carla Hayden—the Librarian of Congress—violated his constitutional rights by failing to protect "the Multi-Billion dollar Agency that contains Trillions of dollars [of] inventions" and other intellectual property. *Id.* Lastly, plaintiff claims that attorney Ralph Morris violated plaintiff's rights under the Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id.*

**Discussion**

Plaintiff's amended complaint is difficult to decipher. It contains several handwritten pages of unintelligible allegations. Liberally construed, the amended complaint appears to assert various constitutional claims against defendants.

**I.   Frivolity**

As noted above, a court must dismiss a complaint filed in forma pauperis if it is frivolous. A complaint is frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Factual allegations are clearly baseless if they are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

Here, while far from clear, plaintiff appears to assert that he has invented a virtual reality device and that defendants have conspired against him to ensure its failure. The amended complaint contains allegations relating to "The Trillionaire," the "Leader of the International Militia," and Facebook users "verbally changing [plaintiff's] Technology." (ECF No. 1). Plaintiff's allegations are clearly baseless under the standard set forth in *Neitzke* and *Denton*. Therefore, plaintiff's amended complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

**II. Failure to State a Claim and Lack of Subject Matter Jurisdiction**

Frivolity aside, plaintiff's amended complaint is deficient in other key respects. "Section 1983 affords redress against a person who, under color of state law, deprives another person of any federal constitutional or statutory right." *Young v. Harrison*, 284 F.3d 863, 866 (8th Cir. 2002) (citation omitted). Section 1983 does not generally apply to infringements by private parties. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993). Only where a private party acts under color of state law may that party be held liable under § 1983. *Id.* (citing cases).

Here, plaintiff sues several private entities—the Apple Store, Lens Crafters, ITT Technical Institute, and Morris. Plaintiff does not contend that these defendants acted under color of state law. Further, there is nothing in the amended complaint that would allow the Court to draw the reasonable inference that any of these defendants are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. For these reasons, plaintiff fails to state a plausible claim to relief against defendants Apple Store, Lens Crafters, ITT Technical Institute, and Morris.

Unlike the other defendants, however, defendant Hayden is a governmental employee. Plaintiff sues defendant Hayden in her individual and official capacities. Even so, plaintiff's allegations against Hayden are rambling and unintelligible.

"A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official capacity suit against an individual is really a suit against that official's government entity." *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017). Thus, to prevail on his official-capacity claims against defendant Hayden, plaintiff must establish the Library of Congress's liability for the alleged conduct. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Absent a waiver, however, sovereign immunity shields the federal government and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff has alleged nothing that would establish a waiver of sovereign immunity in

this case. Thus, the Court lacks subject matter jurisdiction over plaintiff's official-capacity claims against defendant Hayden. *See id.*; Fed. R. Civ. P. 12(h)(3).

As to plaintiff's individual-capacity claims against defendant Hayden, the Court cannot draw a reasonable inference that Hayden is liable for the alleged misconduct because plaintiff does not identify any particular misconduct in the first place. Plaintiff seems to suggest that defendant Hayden violated his rights by failing to process copyrights. Plaintiff does not, however, specify any copyrightable material or explain how defendant Hayden failed to process that material. Plaintiff also appears to allege that Hayden violated plaintiff's rights by failing to patent a virtual reality device. The Library of Congress, however, does not grant patents. Simply put, plaintiff fails to state a plausible claim to relief against defendant Hayden in her individual capacity.

## Conclusion

The Court finds that plaintiff's claims are frivolous. Frivolity aside, the amended complaint still falls short. First, plaintiff does not state a plausible claim to relief against defendants Apple Store, Lens Crafters, ITT Technical Institute, Morris, or Hayden (in her individual capacity). Second, the Court lacks subject matter jurisdiction over plaintiff's officially-capacity claims against defendant Hayden.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second application to proceed in the district court without prepaying fees or costs is **GRANTED.** (ECF No. 7).

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's first application to proceed in the district court without prepaying fees or costs is **DENIED as moot.** (ECF No. 5).

**IT IS FURTHER ORDERED** that plaintiff's motion for permanent injunction is **DENIED as moot**. (ECF No. 4).

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this  21st day of  March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE